IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BNSF RAILWAY COMPANY<br>P.O. Box 961056<br>Fort Worth, Texas 76161-0056<br><br>CONSOLIDATED RAIL CORPORATION<br>1000 Howard Blvd., Suite 100<br>Mt. Laurel, New Jersey 08054-2355<br><br>CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, Florida 32202<br><br>THE KANSAS CITY SOUTHERN RAILWAY CO.<br>P.O. Box 219335<br>Kansas City, Missouri 64121-9335<br><br>NORFOLK SOUTHERN RAILWAY COMPANY<br>Three Commercial Place<br>Norfolk, Virginia 23510<br><br>UNION PACIFIC RAILROAD COMPANY<br>1400 Douglas Street<br>Omaha, Nebraska 68179<br><br>       Plaintiffs,<br><br>       v.<br><br>BROTHERHOOD OF RAILROAD SIGNALMEN<br>917 Shenandoah Shores Road<br>Front Royal, VA 22630<br><br>       Defendant. | Civil Action No. _____<br><br><br><br><br><br><br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This action arises under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq.

Plaintiffs seek a declaratory judgment and injunctive relief with respect to Defendant's

obligation to bargain with Plaintiffs' authorized multi-employer collective bargaining representative on a national handling basis. Plaintiffs also seek a declaratory judgment and injunctive relief with respect to Defendant's insistence that Plaintiffs bargain with it on less than a craft-wide basis with respect to the crafts or classes of Plaintiffs' employees represented by Defendant. Lastly, Plaintiffs seek a declaratory judgment and injunctive relief with respect to Defendant's duty to comply with Section 2 First of the RLA, 45 U.S.C. § 152 First.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this judicial district because Defendant conducts business in this district and because negotiations between Plaintiffs and Defendant have occurred in this district.

## PARTIES

4. Plaintiffs are Class I freight railroads and are carriers as defined in Section 1 First of the RLA, 45 U.S.C. § 151 First.

5. Defendant Brotherhood of Railroad Signalmen ("BRS") is an unincorporated association and a labor organization as defined in the RLA. BRS represents certain crafts or classes of Plaintiffs' employees, who are referred to "signalmen," for purposes of collective bargaining under the RLA.

## FACTUAL ALLEGATIONS

6. For decades most major freight railroads, including Plaintiffs and their predecessors, have designated a multi-employer bargaining agent as their collective bargaining representative for national negotiations concerning rates of pay, rules and working conditions for

employees represented by BRS. Since 1972, the railroads' national bargaining agent has been the National Carriers' Conference Committee ("NCCC"). National railroad unions, including the BRS, have designated national bargaining committees that have engaged in national bargaining with the NCCC during this time period. These negotiations have generally resulted in national agreements settling issues concerning rates of pay, rules and working conditions for employees represented by the national railroad unions.

7. On or about November 1, 2004, the NCCC, on behalf of Plaintiffs and other freight railroads, commenced national negotiations with BRS by serving a notice pursuant to Section 6 of the RLA. This Section 6 notice encompassed proposals concerning rates of pay, rules and working conditions for employees represented by BRS.

8. On or about January 3, 2005, a coalition of seven labor organizations, including the BRS, served a Section 6 notice on Plaintiffs' national bargaining representative, the NCCC. This Section 6 notice encompassed proposals concerning rates of pay, rules and working conditions for Plaintiffs' employees represented by the coalition, including BRS. The accompanying letter advised the NCCC that the seven labor organizations, calling themselves the Rail Labor Bargaining Coalition ("RLBC"), "have become signatory to the National Bargaining Coalition Agreement." The letter further advised that the National Bargaining Coalition Agreement designates the RLBC as the representative of the seven labor organizations "for the 2005 wages, rules and benefits round of collective bargaining." As in past rounds of bargaining, the labor organizations stated their intention "to bargain on a coordinated national basis with respect to employees they represent on the rail freight carriers represented by the NCCC in this bargaining round."

9. Also on or about January 3, 2005, certain BRS General Committees sent virtually identical letters to individual Plaintiffs in which they transmitted a copy of the RLBC's Section 6 notice and confirmed Defendant's intention "to handle that common notice nationally, along with the Section 6 Notices served by the NCCC on behalf of the carriers it represents." The BRS General Committees, in these letters, "reserve[d] the right to serve related Section 6 Notices of craft-specific changes in rates of pay, rules and working conditions." These letters concluded by stating: "Notices pertaining to local issues may be served on the property in accordance with past practice."

10. Following service of the parties' respective Section 6 notices, the NCCC and the RLBC engaged in national negotiations concerning their respective proposals to modify rates of pay, rules and working conditions. Since June 2005, these national negotiations have been conducted under the auspices of the National Mediation Board ("NMB"), a federal agency designated under the RLA to assist the parties resolve disputes concerning rates of pay, rules and working conditions.

11. In or about January 2006, approximately one year after the commencement of national negotiations between the NCCC and the RLBC, certain BRS General Committees served what purported to be "local" Section 6 notices on individual Plaintiffs. These "local" Section 6 notices encompassed matters that have been the subject of national handling pursuant to the national Section 6 notices exchanged by the NCCC and the RLBC in November, 2004 and January, 2005.

12. Each of these BRS General Committees has insisted on bargaining its "local" Section 6 notices separately with respect to each railroad or part of a railroad over which the

General Committee asserts jurisdiction, and has refused to engage in national handling with respect to these notices.

### COUNT ONE: NATIONAL HANDLING UNDER THE RLA

13. The allegations contained in paragraphs 1 through 12 are incorporated by reference as if set forth in full herein.

14. Defendant may not lawfully insist on separate bargaining with each individual Plaintiff concerning the "local" Section 6 notices served by BRS General Committees in or about January 2006, instead of national handling of these notices. Defendant's insistence on separate bargaining of these "local" Section 6 notices, and its refusal to engage in national handling of these notices, violates Sections 1 Sixth, 2 First and 2 Second of the RLA, 45 U.S.C. §§ 151 Sixth, 152 First & 152 Second.

### COUNT TWO: CRAFT-WIDE BARGAINING UNDER THE RLA

15. The allegations contained in paragraphs 1 through 14 are incorporated by reference as if set forth in full herein.

16. Defendant may not lawfully insist on separate bargaining on less than a craft-wide basis with respect to employees of the Plaintiffs that Defendant represents. Defendant's insistence on such bargaining violates Sections 2 First, 2 Fourth, and 2 Ninth of the RLA, 45 U.S.C. §§ 152 First, 152 Fourth & 152 Ninth.

### COUNT THREE: VIOLATION OF SECTION 2 FIRST OF THE RLA

17. The allegations contained in paragraphs 1 through 16 are incorporated by reference as if set forth in full herein.

18.     Defendant's course of conduct as described herein violates its duty "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof" under Section 2 First of the RLA, 45 U.S.C. § 152 First.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1.      Issue a declaratory judgment declaring that Defendant is obligated to bargain on a national handling basis with the Plaintiffs' duly authorized national collective bargaining representative with respect to the round of bargaining that commenced November 1, 2004.

2.      Issue an injunction ordering Defendant to bargain on a national handling basis with the Plaintiffs' railroads' duly authorized national collective bargaining representative with respect to the round of bargaining that commenced November 1, 2004.

3.      Issue a declaratory judgment declaring that Defendant may not insist that Plaintiffs bargain with them on less than a craft-wide basis in the round of bargaining that commenced on November 1, 2004.

4.      Issue an injunction ordering Defendant to bargain with Plaintiffs on not less than a craft-wide basis in the round of bargaining that commenced on November 1, 2004.

5.      Issue a declaratory judgment declaring that Defendant's course of conduct described herein violates Section 2 First of the RLA, 45 U.S.C. § 152 First.

6. Issue an injunction ordering Defendant to comply with Section 2 First of the RLA, 45 U.S.C. § 152 First.

7. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Ralph J. Moore, Jr. (D.C. Bar No. 076075)
Thomas E. Reinert, Jr. (D.C. Bar No. 336867)
Jonathan C. Fritts (D.C. Bar No. 464011)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-3000
(202) 739-3001 (fax)

March 17, 2006                    *Attorneys for Plaintiffs*

- 7 -

1-WA/2540353.2