UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BNSF RAILWAY COMPANY, )
CONSOLIDATED RAIL CORPORATION, )
CSX TRANSPORTATION, INC., THE )
KANSAS CITY SOUTHERN RAILWAY CO., )
NORFOLK SOUTHERN RAILWAY )
COMPANY, UNION PACIFIC RAILROAD )
COMPANY, )
 )
            Plaintiffs, )
 )
v. ) Civil Action No. 1:06cv00506 (PLF)
 )
BROTHERHOOD OF RAILROAD )
SIGNALMEN, )
 )
            Defendant. )
_____)

## ANSWER AND COUNTERCLAIM OF
## DEFENDANT BROTHERHOOD OF RAILROAD SIGNALMEN

Defendant Brotherhood of Railroad Signalmen ("BRS"), by counsel, hereby answers the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs as follows:

1. Answering paragraph 1 of the Complaint, BRS admits that this action arises under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, but denies all factual allegations contained in the paragraph.

2. BRS admits that this Court has jurisdiction over this action.

3. BRS admits that venue is proper in this judicial district.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are admitted, except it is denied that the term "labor organization" is defined in the RLA.

6. The allegations contained in paragraph 6 of the Complaint are admitted, but BRS states affirmatively that local issues historically have not been negotiated on a national level; instead, local issues are negotiated, as a matter of custom and practice, on properties of the plaintiff carriers by BRS General Committees and their management counterparts or other representatives designated by the Plaintiffs.

7. The allegations contained in paragraph 7 of the Complaint are admitted, but BRS states affirmatively that Attachment A of the Section 6 notice served by the National Carriers' Conference Committee ("NCCC") excluded certain carriers from national handling over specific bargaining issues.

8. The allegations contained in paragraph 8 of the Complaint are admitted, but BRS states affirmatively that the Section 6 notice served on the NCCC by the Rail Labor Bargaining Coalition ("RLBC") stated specific limitations on the RLBC's authority to bargain over issues that traditionally have been dealt with locally by the plaintiff carriers and the BRS General Committees. The letter transmitting the notice stated that Section 6 notices pertaining to local issues would be served on individual rail properties in accordance with the past practice of the parties.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted.

11. The allegations contained in the first sentence of paragraph 11 of the Complaint are admitted. The allegations contained in the second sentence of paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are denied, and BRS states affirmatively that the BRS General Committees will negotiate over the issues contained in their respective Section 6 notices with whomever the plaintiffs designate as their representative(s).

13. The answers to paragraphs 1-12 of the Complaint are incorporated by reference in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

14. The allegations contained in paragraph 14 of the Complaint are denied.

15. The answers to paragraphs 1-14 of the Complaint are incorporated by reference in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. The answers to paragraphs 1-16 of the Complaint are incorporated by reference in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

18. The allegations contained in paragraph 18 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action or facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense

The requests for declaratory relief should be denied on prudential grounds.

### Third Affirmative Defense

The Norris-LaGuardia Act, 29 U.S.C. §§ 101 *et seq.*, deprives the Court of jurisdiction to grant the injunctive relief prayed for in the Complaint.

### Fourth Affirmative Defense

Plaintiffs' requests for injunctive relief are barred by the doctrine of unclean hands and § 6 of the Norris-LaGuardia Act, 29 U.S.C. § 106.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant BRS requests that judgment be entered in its favor as against Plaintiffs, and each of them; that the Complaint and all causes of action pled therein be dismissed with prejudice, and that BRS be awarded its costs and reasonable attorney fees expended in defense of this action.

### **BROTHERHOOD OF RAILROAD SIGNALMEN'S COUNTERCLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now having answered the Complaint, Counterclaim-Plaintiff Brotherhood of Railroad Signalmen ("BRS"), by counsel, for its Counterclaim against all Plaintiffs-Counterclaim-Defendants, hereby states:

## JURISDICTION AND VENUE

1.      This is an action pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, (hereinafter "the Act"), over which this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Additionally, declaratory relief is requested pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

2.      The injunctive relief sought by this action is necessary in order to enforce the Counterclaim-Defendants' obligation to bargain with the General Committees of the BRS over local issues that have historically been handled on a local level on the individual properties of Counterclaim-Defendants.

3.      The Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq.*, is inapplicable because this action is brought to enforce the statutory mandates of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*

4.      Venue under 28 U.S.C. § 1391(b)(3) is proper in this judicial district where the Counterclaim-Defendants are found by virtue of their regularly conducting business in, or otherwise maintaining substantial contacts with, this district, and because negotiations between Counterclaim-Defendants and Counterclaim-Plaintiff have occurred within this district.

## THE PARTIES

5.      Counterclaim-Plaintiff BRS is an unincorporated association and a labor organization.  It is a "representative" as defined in § 1, Sixth of the Act, 45 U.S.C. § 151, Sixth.

6. Counterclaim-Defendants are Class I freight railroads and are carriers as defined in Section 1, First of the Act, 45 U.S.C. § 151, First.

## FACTUAL ALLEGATIONS

7. Historically, bargaining between the BRS, its General Committees and Counterclaim-Defendants has included both national handling and local handing of issues concerning rates of pay, rules and working conditions. As a matter of custom and practice, those issues designated as "local issues" by the BRS and its General Committees were negotiated locally, not nationally, by each of the BRS General Committees for the respective properties of the Counterclaim-Defendants.

8. In accordance with Rule 10(c) of the Federal Rules of Civil Procedure, BRS adopts by reference the allegations contained in paragraph 7 of the Complaint and the affirmative allegations contained in paragraph 7 of the Answer.

9. In accordance with Rule 10(c) of the Federal Rules of Civil Procedure, BRS adopts by reference the allegations contained in paragraph 8 of the Complaint and the affirmative allegations contained in paragraph 8 of the Answer.

10. The January 3, 2005 Section 6 notice served on the NCCC by the RLBC specifically advised of the limitations on the RLBC's authority to bargain over what have traditionally been dealt with as local issues by the BRS and other Coalition members. The NCCC was further advised that Section 6 notices pertaining to local issues would be served on individual properties in accordance with the past practice of the parties.

11. In accordance with Rule 10(c) of the Federal Rules of Civil Procedure, BRS adopts by reference the allegations contained in paragraph 9 of the Complaint.

12. In accordance with Rule 10(c) of the Federal Rules of Civil Procedure, BRS adopts by reference the allegations contained in paragraph 10 of the Complaint.

13. Beginning in January 2006 and continuing to the present, certain BRS General Committees have served Section 6 notices on the individual Counterclaim-Defendants encompassing proposals over local issues that have historically been negotiated by the affected parties for individual rail properties. The Section 6 notices served by the General Committees encompass issues that have been excluded from national handling between the RLBC and NCCC.

14. Each of the Counterclaim-Defendants has refused to engage in local handling or bargaining with respect to the local issues set forth in Section 6 notices served by the General Committees, despite the fact that the work rule changes and proposed subcontracting rules covered by the notices historically have been dealt with in local handling, and there is no bargaining experience between the BRS and Counterclaim-Defendants that would suggest the local issues were reserved for national handling.

## COUNT ONE: LOCAL HANDLING UNDER THE ACT

15. The allegations contained in paragraphs 1 through 14 are incorporated by reference in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

16. Counterclaim-Defendants may not lawfully refuse to conform with the parties' history of bargaining with the BRS General Committees over local agreement issues. Nor may the Counterclaim-Defendants lawfully refuse to bargain over issues contained in the Section 6 notices served by the General Committees on the Counterclaim-Defendants. The parties' historic negotiations over national agreement wages, work rules and working conditions have never included, and, in fact, always have been accompanied by, bargaining over local agreement issues. Counterclaim-Defendants' refusal to bargain over local agreement issues and their adamant insistence on national handling of local agreement issues violates Sections 2, First and Second of the Act, 45 U.S.C. §§ 152, First and Second.

## COUNT TWO: VIOLATION OF SECTION 2, FIRST OF THE ACT

17. The allegations contained in paragraphs 1 through 16 are incorporated by reference in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

18. Counterclaim-Defendants' conduct as described herein violates their duty "to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreement or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the

carrier and the employees thereof," under Section 2, First of the Act, 45 U.S.C. § 152, First.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff requests that this Court:

A.   Issue a declaratory judgment declaring that Counterclaim-Defendants are obligated to bargain on a local handling basis with the BRS and its General Committees with respect to local agreement issues raised in Section 6 notices served by the BRS General Committees.

B.   Issue an injunction ordering Counterclaim-Defendants to bargain on a local handling basis with the BRS and its General Committees with respect to local agreement issues raised in Section 6 notices served by the BRS General Committees.

C.   Issue a declaratory judgment declaring that Counterclaim-Defendants' course of conduct as described herein violates Sections 2, First and Second of the Act, 45 U.S.C. §§ 152, First and Second.

D.   Issue an injunction ordering Counterclaim-Defendants to comply with Sections 2, First and Second of the Act, 45 U.S.C. §§ 152, First and Second, by bargaining on a local handling basis all issues which the parties have not consented to handle on a national basis.

E.   Grant such other and further relief as the Court deems just and equitable.

Dated: May 16, 2006

Yours respectfully,

Roland P. Wilder, Jr. (D.C. Bar# 69609)
Joshua D. McInerney (D.C. Bar# 479471)
BAPTISTE & WILDER, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 223-0723
rpwilderjr@bapwild.com
jmcinerney@bapwild.com

Attorneys for Defendant and
Counterclaim-Plaintiff BRS

OF COUNSEL:

William L. Phillips (IL Bar #6192377)
General Counsel
Brotherhood of Railroad Signalmen
100 N. LaSalle Street  #1605
Chicago, IL  60602
(847) 644-1901
wlp@brs.org