IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BNSF RAILWAY COMPANY, CONSOLIDATED RAIL CORPORATION, CSX TRANSPORTATION, INC., THE KANSAS CITY SOUTHERN RAILWAY CO., NORFOLK SOUTHERN RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, <br><br>　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>BROTHERHOOD OF RAILROAD SIGNALMEN <br><br>　　　　　　　　Defendant. | Civil Action No. 1:06-cv-00506-PLF |

**PLAINTIFFS' ANSWER TO COUNTERCLAIM**

Plaintiffs, by and through their undersigned counsel, answer the Counterclaim filed by the Brotherhood of Railroad Signalmen ("BRS"), according to the numbered paragraphs thereof, as follows:

**JURISDICTION AND VENUE**

1.　No response is required to Paragraph 1 of the Counterclaim, insofar as it characterizes the nature of the action and the relief requested. Plaintiffs/Counterclaim Defendants admit that this Court has jurisdiction over this action.

2.　Plaintiffs/Counterclaim Defendants deny the allegations in Paragraph 2 of the Counterclaim.

3. Paragraph 3 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs/Counterclaim Defendants deny the allegations of Paragraph 3 because they constitute an inaccurate statement of law.

4. Plaintiffs/Counterclaim Defendants admit that venue is proper in this judicial district.

**PARTIES**

5. Plaintiffs/Counterclaim Defendants admit the allegations in Paragraph 5 of the Counterclaim.

6. Plaintiffs/Counterclaim Defendants admit the allegations in Paragraph 6 of the Counterclaim.

**FACTUAL ALLEGATIONS**

7. Plaintiffs/Counterclaim Defendants admit that at certain times in the past the parties have agreed to bargain certain issues in local handling, but only by mutual consent. Plaintiffs/Counterclaim Defendants otherwise deny the allegations in Paragraph 7 of the Counterclaim.

8. Plaintiffs/Counterclaim Defendants adopt by reference the allegations in Paragraph 7 of the Complaint, in accordance with Fed. R. Civ. P. 10(c). Plaintiffs/Counterclaim Defendants admit that Attachment A to the Section 6 notice served by the National Carriers' Conference Committee ("NCCC") indicated that the NCCC was authorized to represent two carriers with respect to certain issues only.

9. Plaintiffs/Counterclaim Defendants adopt by reference the allegations in Paragraph 8 of the Complaint, in accordance with Fed. R. Civ. P. 10(c). Plaintiffs/Counterclaim

Defendants admit that the cover letter transmitting the Rail Labor Bargaining Coalition's ("RLBC") Section 6 notice stated that notices pertaining to local issues would be served on individual rail properties in accordance with what the RLBC claimed to be the past practice of the parties. Plaintiffs/Counterclaim Defendants otherwise deny the allegations adopted by reference in Paragraph 9 of the Counterclaim.

10. Plaintiffs/Counterclaim Defendants admit that the RLBC's January 3, 2005 letter advised that notices pertaining to local issues would be served on individual properties in accordance with what the RLBC claimed to be the past practice of the parties. Plaintiffs/Counterclaim Defendants otherwise deny the allegations in Paragraph 10 of the Counterclaim.

11. Plaintiffs/Counterclaim Defendants adopt by reference the allegations in Paragraph 9 of the Complaint, in accordance with Fed. R. Civ. P. 10(c).

12. Plaintiffs/Counterclaim Defendants adopt by reference the allegations in Paragraph 10 of the Complaint, in accordance with Fed. R. Civ. P. 10(c).

13. Plaintiffs/Counterclaim Defendants admit that beginning in January 2006, certain BRS General Committees served on individual Plaintiffs/Counterclaim Defendants what purported to be Section 6 notices encompassing proposals on "local" issues. Plaintiffs/Counterclaim Defendants otherwise deny the allegations in Paragraph 13 of the Counterclaim, and aver that all or substantially all of the issues in these "local" Section 6 notices relate to issues that the NCCC and the RLBC have been bargaining in national handling.

14. Plaintiffs/Counterclaim Defendants deny the allegations in Paragraph 14 of the Counterclaim.

### COUNT ONE: LOCAL HANDLING UNDER THE ACT

15. Plaintiffs/Counterclaim Defendants incorporate by reference their responses to Paragraphs 1 through 14 of the Counterclaim as set forth above.

16. Plaintiffs/Counterclaim Defendants admit that the parties have, by mutual consent, engaged in "local" handling and/or "dual-track" bargaining over certain issues in the past, but Plaintiffs/Counterclaim Defendants otherwise deny the allegations in Paragraph 16 of the Counterclaim.

### COUNT TWO: VIOLATION OF SECTION 2, FIRST OF THE ACT

17. Plaintiffs/Counterclaim Defendants incorporate by reference their responses to Paragraphs 1 through 16 of the Counterclaim as set forth above.

18. Plaintiffs/Counterclaim Defendants deny the allegations in Paragraph 18 of the Counterclaim.

### PRAYER FOR RELIEF

Plaintiffs/Counterclaim Defendants deny all allegations contained in the Prayer for Relief and further deny that the BRS is entitled to any relief sought in the Counterclaim.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Counterclaim fails to state a cause of action upon which relief can be granted.

#### Second Affirmative Defense

The Counterclaim is barred by the doctrines of waiver and/or estoppel.

**Third Affirmative Defense**

The Counterclaim, and the relief sought therein, is barred by the doctrine of unclean hands under Section 8 of the Norris-LaGuardia Act, 29 U.S.C. § 108.

WHEREFORE, Plaintiffs/Counterclaim Defendants request that judgment be entered in their favor and against the BRS; that the Counterclaim and all causes of action pled therein be dismissed with prejudice; and that Plaintiffs/Counterclaim Defendants be awarded their costs and reasonable attorney's fees expended in defending against the Counterclaim.

                                                Respectfully submitted,

                                                _/s/_____
                                                Ralph J. Moore, Jr. (D.C. Bar No. 076075)
                                                Thomas E. Reinert, Jr. (D.C. Bar No. 336867)
                                                Jonathan C. Fritts (D.C. Bar No. 464011)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1111 Pennsylvania Avenue, NW
                                                Washington, DC  20004
                                                (202) 739-3000
                                                (202) 739-3001 (fax)

June 5, 2006                                      *Attorneys for Plaintiffs/Counterclaim Defendants*