**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BNSF RAILWAY COMPANY, et. al., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs/Counterclaim　 )<br>　　　　Defendants,　　　　　　　 )<br>　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>BROTHERHOOD OF RAILROAD　　　)<br>SIGNALMEN　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant/Counterclaimant. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 1:06-cv-00506-PLF |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

In accordance with LCvR 16.3, counsel in the above-captioned matter submit this report regarding the issues discussed during their conference:

**I.　STATEMENT OF THE CASE**

Plaintiffs are six of the nation's largest freight railroads. Defendant Brotherhood of Railroad Signalmen ("BRS") is an unincorporated labor organization that represents certain crafts or classes of Plaintiffs' employees, who are referred to as "signalmen," for purposes of collective bargaining.

On or about November 1, 2004, the Plaintiffs' bargaining representative (the National Carriers' Conference Committee) commenced national negotiations with BRS by serving a notice, pursuant to Section 6 of the Railway Labor Act ("RLA"), 45 U.S.C. § 156, concerning desired changes in rates of pay, rules, and working conditions for BRS-represented employees. Through their bargaining representative (the Rail Labor Bargaining Coalition), BRS and other

railway labor organizations served a Section 6 notice on Plaintiffs' bargaining representative on or about January 3, 2005, concerning changes they desired in existing pay rates, rules and working conditions.  In or about January 2006, approximately one year after the commencement of national negotiations, certain BRS General Committees served "local" Section 6 notices on individual Plaintiff railroads, also proposing changes in rates of pay, rules, and working conditions on individual railroad properties.

Plaintiffs allege in their Complaint that Defendant may not lawfully insist on separate bargaining with each individual railroad concerning the "local" notices served by BRS General Committees, that BRS's refusal to engage in national negotiations with respect to these subjects violates the RLA, and that BRS's insistence on bargaining on less than a craft-wide basis violates the RLA.  Defendant counterclaims that the individual railroads may not lawfully refuse to bargain locally with the BRS General Committees concerning the mandatory subjects of bargaining contained in the January 2006 notices and that the railroads' course of conduct violates the RLA.  Both parties seek declaratory and injunctive relief.

## II.     RULE 16.3 REPORT

1.     <u>Status of Dispositive Motions</u>:  Plaintiffs believe that this action will be disposed of on cross-motions for summary judgment following discovery, as were the two cases most recently decided by this Court with respect to the same issues involving different railroad unions. <u>See</u> <u>General Committee of Adjustment v. Burlington Northern & Santa Fe Ry. Co.</u>, 295 F.3d 1337 (D.C. Cir. 2002), <u>decision after remand</u>, 290 F. Supp.2d 138 (D.D.C. 2003); <u>Alton & Southern Ry. Co. v. Brotherhood of Maintenance of Way Employees</u>, 928 F. Supp. 7 (D.D.C. 1996).

Defendant believes it is unlikely that this case will be disposed of by dispositive motions because unlike the cases cited above, which primarily involved disputes over the application of legal principles, anticipated disputes between the parties over critical issues of fact in the instant matter will necessitate trial.  No dispositive motions are pending at this time.

2. <u>Amended Pleadings</u>: In the present circumstances, the parties do not anticipate that it will be necessary to join additional parties or to amend the pleadings.  Should the circumstances between the parties change, however, a supplemental complaint requesting injunctive relief and joining of additional parties may be necessary.

3. <u>Assignment to Magistrate Judge</u>:  The parties do not consent to the assignment of this case to a magistrate judge.

4. <u>Settlement Possibility</u>:  The parties do not believe that there is a realistic possibility of settling the case.

5. <u>Alternative Dispute Procedures</u>:  In light of the fact that the parties are engaged in negotiation and mediation under the auspices of the National Mediation Board in accordance with Section 5 of the Railway Labor Act, 45 U.S.C. § 155, the parties do not believe that the case would benefit from additional alternative dispute resolution procedures at this time.  However, Defendant believes that following document discovery and prior to any depositions being taken, it is possible that private mediation outside of the National Mediation Board might be helpful in resolving the dispute or in narrowing issues in the case.  Plaintiffs do not believe that this approach would be efficacious.

6. <u>Dispositive Motions</u>:  Plaintiffs propose that cross-motions for summary judgment be filed by November 30, 2006, that oppositions thereto be filed by December 14,

2006, and that any reply be filed by December 22, 2006. Defendant proposes that summary judgment motions be filed by February 12, 2007, that oppositions thereto be filed by February 26, 2007, and that any reply be filed by March 6, 2006.

7. <u>Initial Disclosures</u>: The parties stipulate to complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)&(B) by August 22, 2006, and stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(C)&(D).

8. <u>Discovery</u>: Plaintiffs propose that discovery, except for requests for admissions, be completed by September 30, 2006. Defendant proposes that discovery, except for requests for admissions, be completed by January 12, 2007. The parties propose to limit the number of interrogatories to 25 per side. The parties propose to limit the number of depositions to 10 per side.

9. <u>Experts</u>: The parties do not believe that expert witnesses will be required, but agree to meet and confer by November 1, 2006 with respect to the necessity for expert discovery.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: Defendant proposes that depositions should be deferred until after October 15, 2006, following voluntary disclosures and answers to the first sets of written discovery have been provided. Plaintiffs propose that depositions may commence anytime after July 14, 2006, along with written discovery. The parties do not believe that a bifurcated trial will be necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: Defendant proposes that a pretrial conference be scheduled for May 7, 2007. Plaintiffs do not believe that a trial will be necessary

in this case but, if the case is not resolved on summary judgment, Plaintiffs propose that a pretrial conference be held at that time.

    13.    <u>Trial Date</u>:  The parties propose that a trial date be set at the pretrial conference, if one is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 7, 2006 | _____ |
|  | Ralph J. Moore, Jr. (DC Bar No. 076075) |
|  | Thomas E. Reinert, Jr. (DC Bar No. 336867) |
|  | Jonathan C. Fritts (DC Bar No. 464011) |
|  | MORGAN LEWIS & BOCKIUS LLP |
|  | 1111 Pennsylvania Avenue, NW |
|  | Washington, DC 20004 |
|  | (202) 739-3000 (p) |
|  | (202) 739-3001 (f) |
|  |  |
|  | *Attorneys for Plaintiffs/Counterclaim Defendants* |
|  |  |
| Dated:  July 7, 2006 | _____ |
|  | Roland P. Wilder, Jr. (DC Bar No. 69609) |
|  | Joshua D. McInerney (DC Bar No. 479471) |
|  | BAPTISTE & WILDER PC |
|  | 1150 Connecticut Avenue, NW Suite 500 |
|  | Washington, DC 20036 |
|  | (202) 223-0723 (p) |
|  | (202) 223-9677 (f) |
|  |  |
| Of Counsel |  |
|  | William L. Phillips (IL Bar No. 6192377) |
|  | General Counsel |
|  | Brotherhood of Railroad Signalmen |
|  | 100 N. LaSalle Street  #1605 |
|  | Chicago, IL  60602 |
|  | 847 644 1901 (p) |
|  | 312 332 9595 (f) |
|  |  |
|  | *Attorneys for Defendants/Counterclaim Plaintiffs* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BNSF RAILWAY COMPANY, et. al., )<br>)<br>       Plaintiffs/Counterclaim )<br>       Defendants )<br>)<br>       v. )<br>)<br>BROTHERHOOD OF RAILROAD )<br>SIGNALMEN )<br>)<br>       Defendant/Counterclaimant. )| Civil Action No. 1:06-cv-00506-PLF |

**PLAINTIFFS' PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the Joint Report of Local Rule 16.3 Conference, it is this

____ day of _____, 2006, hereby

**ORDERED** that the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)&(B) shall be completed by August 22, 2006; and it is further

**ORDERED** that discovery, except for requests for admissions, shall be completed by September 30, 2006; and it is further

**ORDERED** that number of interrogatories shall be limited to 25 per side and the number of depositions shall be limited to 10 per side; and it is further

**ORDERED** that motions for summary judgment shall be filed by November 30, 2006, that oppositions thereto shall be filed by December 14, 2006, and that any reply shall be filed by December 22, 2006.

                                                                  _____
                                                                  HON. PAUL L. FRIEDMAN,
                                                                  UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BNSF RAILWAY COMPANY, et. al.,  )<br>  )<br>      Plaintiffs/Counterclaim  )<br>      Defendants  )<br>  )<br>      v.  )<br>  )<br>BROTHERHOOD OF RAILROAD  )<br>SIGNALMEN,  )<br>  )<br>      Defendant/Counterclaimant.  )<br>  )  | Civil Action No. 1:06-cv-00506-PLF |

**DEFENDANT'S PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the Joint Report of Local Rule 16.3 Conference, it is this ____ day of _____, 2006, hereby

**ORDERED** that the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)&(B) shall be completed by August 22, 2006; and it is further

**ORDERED** that discovery, except for requests for admissions, shall be completed by January 12, 2007, with no depositions to take place prior to October 15, 2006; and it is further

**ORDERED** that number of interrogatories shall be limited to 25 per side and the number of depositions shall be limited to 12 per side; and it is further

**ORDERED** that motions for summary judgment shall be filed by February 12, 2007, that oppositions thereto shall be filed by February 26, 2007, and that any reply shall be filed by March 6, 2007; and it is further

- 7 -

- 8 -

**ORDERED** that the pretrial conference in this matter is scheduled for May 7, 2007 at which a date for trial shall be established.

_____
HON. PAUL L. FRIEDMAN,
UNITED STATES DISTRICT JUDGE